RECEIVED
IN ALEXANDRIA, LA.

MAR 0 4 2010

TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| CHARLIE BANKS<br>LA.DOC #391117 | CIVIL ACTION NO. 1:10-CV-0095 |
| VS. | SECTION P |
| | JUDGE DRELL |
| ALFONZO PACHECO, ET AL. | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Pro se plaintiff Charlie Banks, proceeding in forma pauperis, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on January 14, 2010. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC). He is confined at the Winn Corrections Center (WCC), Winnfield, Louisiana. Plaintiff complains that he was not afforded appropriate medical treatment for injuries he suffered in a slip and fall at the prison in April 2009. He sues WCC's physician, Dr. Alfonzo Pacheco, Patricia Thomas, the head of the WCC Medical Department, CCA of Tennessee, LLC, the corporate entity which owns/operates WCC and its insurer. Plaintiff asks for an unspecified amount of compensatory and punitive damages. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of

the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous.

## Background

On April 12, 2009 plaintiff slipped on a wet floor on the Ash D-1 Tier. On May 7, 2009 he was examined by Dr. Pacheco who discovered "... a lump on his lower back and back of his head." Pacheco diagnosed plaintiff's condition as "musco-skeltal neck/back pain..." but plaintiff disagreed claiming "... it could be a bulging disc..." Nevertheless, Pacheco refused to order either an x-ray examination or an "MIR."

Plaintiff faults Pacheco for not having an x-ray machine or technician at WCC; he faults Pacheco for being a pediatrician and not a "... back neck or head specialist"; and he faults Pacheco for having been terminated from employment at the Avoyelles Correction Center in 2005. Plaintiff likewise faults Patricia Thomas for running an "inadequate medical department" and "not having available working x-ray equipment or ... technician."

Plaintiff's April 14, 2009 grievance was rejected on May 19, 2009. According to the First Step Response, plaintiff was initially examined by LPN M. Fobbs shortly after the accident. Since plaintiff was able to sit, stand, and walk, and since no

2

bruising or edema were noted, plaintiff was given a muscle rub and advised to continue taking Motrin which had previously been prescribed. Plaintiff was examined again on April 15, 22 and 28 by Nurse Boyd who on each occasion noted no swelling and observed that plaintiff was able to ambulate. On May 7, 2009 plaintiff was examined by Dr. Pacheco. He observed that plaintiff's spine and neck were supple and that plaintiff's gait was normal when walking. Pacheco diagnosed "muscoskeltal" neck and back pain and encouraged plaintiff to do a series of range of motion exercises. Since no abnormalities were noted, x-rays were deemed unnecessary.

On July 7, 2009 plaintiff filed a civil rights complaint in this Court, alleging unsafe conditions of confinement and inadequate medical care. He named a number of Defendants, including CCA of Tennessee, Dr. Pacheco, and Ms. Thomas. He alleged that Pacheco mis-diagnosed his condition and was at fault for failing to order further diagnostic tests; he faulted Thomas for failing to properly train and instruct the WCC medical staff and for failing to send plaintiff to an outside hospital for diagnostic tests. [See <u>Charlie Banks v. Winn Corrections Center, et al.</u>, No. 1:09-cv-1139 at rec. doc. 1, ¶¶22-23] On December 21, 2009 the undersigned recommended

dismissal of the complaint as frivolous and for failing to state a claim for which relief can be granted. [*Id.*, at rec. doc. 6] Plaintiff did not object and on January 11, 2010, United States District Judge James T. Trimble adopted the Report and Recommendation and dismissed plaintiff's complaint with prejudice as frivolous and for failing to state a claim for which relief could be granted. [*Id.*, at rec. doc. 8] Plaintiff did not appeal. Instead, he filed the instant complaint on January 14, 2010.

### Law and Analysis

#### 1. Screening

When a prisoner seeks redress from a governmental entity or from an officer or employee of a governmental entity, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; 28 U.S.C.§1915(e)(2). <u>Ali v. Higgs</u>, 892 F.2d 438, 440 (5th Cir.1990). A claim is frivolous if it lacks an arguable basis in law or in fact. <u>Booker v. Koonce</u>, 2 F.3d 114, 115 (5th Cir.1993); <u>Denton v. Hernandez</u>, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

A hearing need not be conducted for every *pro se* complaint.

Wilson v. Barrientos, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone. Green v. McKaskle, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe in forma pauperis complaints liberally, particularly in the context of dismissals under § 1915(e)(2)(B), but are given broad discretion in determining when such complaints are frivolous. Macias v. Raul A. (Unknown) Badge No. 153, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claim with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. Schultea v. Wood, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." Macias v. Raul A. (Unknown) Badge No. 153, 23 F.3d at 97.

Plaintiff's complaint provides factual details and specifically alleges his theories of liability with respect to each named defendant. The thoroughness of the complaint convinces the undesigned that plaintiff need not be afforded the opportunity to amend.

**2. *Res Judicata***

The doctrine of *res judicata,* or claim preclusion, forecloses re-litigation of claims that were litigated in a prior action. Allen v. McCurry, 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). Four elements must be met for a claim to be barred by *res judicata*: (1) the parties in both the prior suit and current suit must be identical; (2) a court of competent jurisdiction must have rendered the prior judgment; (3) the prior judgment must have been final and on the merits; and (4) the plaintiff must raise the same cause of action in both suits. Howe v. Vaughan, 913 F.2d 1138, 1143-44 (5th Cir.1990).

Plaintiff raised the same cause of action against the same defendants in this court in the matter entitled Charlie Banks v. Winn Corrections Center, et al., No. 1:09-cv-1139. As noted above, the undersigned recommended dismissal of that complaint as frivolous. Thereafter, Judge Trimble adopted the Report and Recommendation and rendered judgment dismissing plaintiff's claims with prejudice and therefore, "on the merits." Plaintiff did not appeal and therefore that judgment is final.

The instant complaint involves the same parties and raises identical claims to the previous suit which was dismissed with prejudice and is now a final judgment. Therefore, plaintiff's claims against the defendants should be dismissed as frivolous on the basis of *res judicata*. See Ali v. Higgs, 892 F.2d 438 (1990); Bailey v. Johnson, 846 F.2d 1019 (5th Cir.1988) (affirming

dismissal of case as duplicative and frivolous where the same factual allegations were asserted).[1]

---

[1] Of course, even if the complaint were not subject to dismissal under the doctrine of *res judicata*, it would still be appropriate to dismiss it for the same reasons noted in the previous Report and Recommendation.

As noted therein, in order to prevail on a medical care claim, convicts must establish that the defendant prison officials knew of and then disregarded an excessive risk to the plaintiff's health and safety. Farmer v. Brennan, 511 U.S. 825,837, 114 S.Ct. 1970, 1980, 128 L.Ed.2d 811 (1994); Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

Thus, even "... the failure to alleviate a significant risk that [the official] should have perceived, but did not is insufficient to show deliberate indifference." Domino v. Texas Department of Criminal Justice, 239 F.3d 752, 756 (5th Cir.2001)(emphasis supplied). Indeed, prisoners alleging such claims must establish "deliberate indifference." "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir.1997); see also Stewart v. Murphy, 174 F.3d 530, 534 (5th Cir.1999).

"[D]eliberate indifference is an extremely high standard to meet" and requires a showing that "the officials 'refused to treat [the prisoner], ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" Domino v. Tex. Dep't of Criminal Justice, 239 F.3d 752, 756 (5th Cir.2001) (citing Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir.1985)). Finally, disagreement with diagnosis and treatment cannot support a claim of deliberate indifference. Banuelos v. McFarland, 41 F.3d 232, 235 (5th Cir.1995); Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir.1991).

As noted elsewhere, plaintiff's complaints were not ignored; he was not intentionally treated incorrectly. He was examined and treated by Dr. Pacheco and the nursing staff at WCC. The fact that he disagrees with what medical care is appropriate or with the course of treatment offered by the medical staff does not state a claim of deliberate indifference to serious medical needs. See Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir.1997); Callaway v. Smith County, 991 F. Supp. 801, 809 (E.D. Tex. 1998); Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); Mayweather, *supra*; Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1992) citing Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985). Merely alleging a prison doctor should have undertaken additional diagnostic measures or utilized an alternative method of treatment does not elevate the claim to constitutional dimension. Varnado, 920 F.2d at 321. See, Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985) (A disagreement with a doctor over the method and result of medical treatment does not require a finding of deliberate indifference).

Accordingly

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous because it is barred by the doctrine of *res judicata*.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14)days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglas v. United Services Automobile Association**, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Alexandria, Louisiana March 4, 2010.

JAMES D. KIRK
United States Magistrate Judge